Gladys O. Charles v. Commissioner.
Charles v. Commissioner
Docket No. 46124.
United States Tax Court
T.C. Memo 1955-309; 1955 Tax Ct. Memo LEXIS 27; 14 T.C.M. (CCH) 1210; T.C.M. (RIA) 55309; November 23, 1955
*27 On concession by the respondent that the petitioner had no closing inventory for the year 1949, held, that there is no deficiency for that year. Held, further, that amounts withdrawn for living expenses from gross business receipts were erroneously added back to gross receipts in reporting income, and that an operating loss was sustained instead of income being realized as reported in the return. Harry L. Cohn, Esq., for the petitioner. John R. Moodie, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion The respondent determined a deficiency in income tax for the calendar year 1949 in the amount of $676.60. The deficiency results from respondent's holding that there was a closing inventory of materials and supplies in the business operated by the petitioner's husband. The petitioner alleges error in the respondent's determination, and further contends that the husband's business resulted in a loss, instead of income as reported, and that income tax has been overpaid. Findings of Fact The petitioner is an individual with residence at Route 1, Glen Allen, Virginia. Her income tax return for the year 1949 was a joint return with her *28 husband, Valentine F. Charles, and was filed with the collector for the district of Virginia. The petitioner's husband, Valentine, herein sometimes called the contractor, was the sole proprietor of a contracting business in 1948 and in 1949 until he discontinued it in November of the latter year. The contracting work included the construction of houses. The contractor kept books in which the financial data with respect to the contracting business were recorded. As each new job was undertaken, the direct costs and receipts pertaining to it were entered on a job sheet in the books. Labor costs of the jobs were entered as debits on the date of the weekly pay roll and material costs were charged on the dates of the suppliers' invoices. Subcontractors' costs were entered on the job sheets on their invoice dates. Receipts were entered as credits to the individual jobs when the money was received, but if the full contract price had not been received when a job was completed, such price was entered at the time of completion. All of the jobs on which the contractor worked in 1949 were completed within that year with the exception of one small job. On that job all costs and the full contract *29 price were taken into account in computing income for the year 1949. Overhead expenses were recorded in a general ledger as of the dates that they were incurred. The expenses were itemized in the ledger and were carried in separate columns captioned "Salaries", "Rent", "Telephone", etc. The contractor did not draw any salary in 1949 from the contracting business. When he needed funds for his personal use or living expenses, he drew checks on the bank account in which he deposited his business receipts. The sums drawn by the contractor for his personal use and living expenses in 1949 amounted to a total of $4,444.53. In the petitioners' income tax return for the year 1949 the receipts, deductions, and profits of the contracting business were reported as follows: Gross Receipts
$45,417.15
Labor, Material and Supplies
36,873.42
Gross Profit
8,543.73
Operating Expenses
4,886.61
Net Profit
$ 3,657.12
In compiling the figures that were used in the return for the year 1949, the contractor's bookkeeper made a few errors in small amounts in selling prices of properties and job costs and erroneously added to gross receipts the amount of $4,444.53 that had been *30 drawn by the contractor for personal and living expenses. Correct amounts of receipts, deductions, and resulting loss of the contractor are as follows: Gross Receipts
$40,631.31
Labor, Material and Supplies
40,473.92
Gross Profits
157.39
Operating Expenses
4,947.46
Operating Loss
$ 4,790.07
The petitioner reported no other income for the year 1949 than that from the contracting business. The contractor had no inventory of materials and supplies at the close of the year 1949. The joint return filed by the petitioner and her husband for the year 1949 did not correctly reflect income. Opinion ATKINS, Judge: In the audit of the joint return filed by the petitioner and her husband for the year 1949, the respondent held that the petitioner's husband, a contractor, should have used a closing inventory in the amount of $4,294.45 in computing income. The return did not contain any amounts for either opening or closing inventory. The addition to inventory resulted in the determined deficiency. The reason for the respondent's addition to the 1949 closing inventory was that for the year 1950 the petitioner and her husband reported an opening inventory of the *31 above amount. The evidence is clear and uncontradicted that there was no inventory on hand at either the closing of the year 1949 or the beginning of the year 1950. The return for the year 1950 was hurriedly prepared by someone other than the petitioner and erroneously showed an opening inventory figure. The respondent, in his brief, concedes that there was no 1949 closing inventory. On that concession he asks that we determine that the 1949 return filed correctly reflected income. However, the petitioner not only alleges error in the respondent's determination, but adds as prayers for relief that we find that an operating loss was sustained in 1949, and that there is an overpayment of income tax for that year. The respondent denies that the petitioner is entitled to such relief. It is, therefore, necessary to consider this issue also. The books of the contractor are in evidence. They consist of books in which the individual jobs were recorded and a ledger in which overhead items were carried. The job sheets in the one set of books show all receipts pertaining to each job and detailed direct costs by date, amount, and the purpose for each expenditure. At the end of each job sheet *32 receipts and expenditures are shown with the amount of profit or loss resulting from the particular job. The ledger is also detailed, showing meticulously the date and amount of each expenditure under an appropriate heading with monthly totals. The entries in the books were made concurrently with the happening of the events that they recorded. Not unnaturally, a few errors crept into the records, but they are suprisingly small in amounts and number considering that they were made from operations in the field, based on invoices for supplies delivered to numerous jobs, claims by laborers, petty cash payments, and similar sources difficult to keep in exact order. The errors that were made in the records have now been ascertained and corrections made in the figures before us. The books and supporting data have been audited by a certified public accountant experienced in accounting procedures in the building business who explained to our satisfaction the method he employed in his audit, the discrepancies discovered, and the resulting correct figures. The largest error, dollar-wise, made in compiling the figures used in the return was in adding back to gross receipts the withdrawals made *33 by the contractor for his personal and living expenses. All receipts from the contracting business were deposited in the contractor's bank account. His withdrawals were from that same account. Adding back the amount of his withdrawals resulted in a duplication of gross receipts by that amount. On the respondent's concession as to the inventory, and on the facts and figures in evidence, we hold that for the year 1949 there is no deficiency in income tax, that the petitioner sustained an operating loss, and that there is an overpayment of income tax. Decision will be entered under Rule 50.